**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

Keith Russell Judd

        v.                          Civil No. 10-cv-403-JL

Eric Holder, United States
Attorney General, et al.

### REPORT AND RECOMMENDATION

        Before the Court is Keith Russell Judd's pro se petition

for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241

(doc. no. 1), and several motions filed by Judd, including his

"Emergency Motion for Access to Law Books in Law Library" (doc.

no. 5), "Motion to Certify Actual Innocence Claim Under Savings

Clause" (doc. no. 7), and "Motion/Application for Class Action

Certification" (doc. no. 9).  The matter comes before me for

preliminary review to determine, among other things, whether or

not the petition states any claim upon which relief might be

granted.  See United States District Court District of New

Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate

Judge to preliminarily review pro se prisoner filings pursuant

to 28 U.S.C. § 1915A).  For the reasons explained herein, I

recommend the petition be dismissed.

Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se pleading states any claim upon which relief could be granted, the Court must consider whether the pleading, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949

2

(2009) (citation omitted).  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a pleading sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

### Background

Judd is an inmate at the Texarkana Federal Correctional Institution located in Texarkana, Texas.  Judd is incarcerated there pursuant to a 210-month sentence imposed upon his conviction on two counts of mailing a threatening communication with the intent to extort money or something of value in violation of 18 U.S.C. § 876.  See United States v. Judd, 252 F.3d 435 (5th Cir. 2001) (unpublished) (per curiam).

Judd seeks a writ of habeas corpus protecting him "against any future confinement or prosecution [by the United States] under the Gun Control Act, 18 U.S.C. § 922(g) at the moment of release from prison due to Petitioner's prior legal and continued constructive possession of several firearms, plus any other related Habeas Corpus relief due to the complexity and

intertwined State and Federal prosecutions."[1]  In this petition,
Judd presents two issues for the Court's consideration: (1)
whether habeas relief is available to prevent possible future
detention and prosecution of Judd for constructive possession of
firearms that Judd claims will exist at the moment petitioner is
released from prison, and (2) whether the Second Amendment
protects Judd from prosecution under the Gun Control Act for
possession of firearms in his home for purposes of self-defense.
Judd asserts that at the time he was originally arrested, he was
in constructive and lawful possession of a number of firearms
and that he will constructively be in possession of them upon
his release from incarceration.  Judd essentially seeks a
declaration that he is immune from prosecution and incarceration
for a possible future possession of a firearm, or that he is
protected from prosecution by the Second Amendment.

Since September 2010, Judd has filed a number of petitions
essentially identical to this one in other federal district
courts.  See Judd v. Holder, No. 10-cv-157-DF-CMC (E.D. Tex.);
Judd v. Holder, No. 10-cv-1483-JCC-JPD (W.D. Wash.); Judd v.
Holder, No. 10-cv-1547-UNA (D.D.C.); Judd v. Holder, No. 10-cv-
163-DF-CMC (E.D. Tex.); Judd v. Holder, No. 10-382-JAW (D. Me.);
Judd v. Lappin, No. 10-CV-731 (S.D. Ohio); Judd v. Holder, No.

---

[1]Judd has, in other judicial districts but not here, challenged a
New Mexico state conviction and his confinement pursuant thereto
in habeas petitions brought under 28 U.S.C. § 2254.

CV 10-62-GF-SEH-RKS (D. Mont.); Judd v. Holder, No. 10-145-IMK-DJJ (N.D.W.V.).  I note, too, that Judd, in the time he has been incarcerated, has, according to PACER records, filed hundreds of habeas petitions and civil lawsuits in various federal district courts around the country.  Judd is a restricted filer in many jurisdictions, including the First Circuit, Judd v. United States, No. 10-1679, (1st Cir. Oct. 8, 2010) (order affirming 2006 restricts placed on Judd's filing and expanding scope of restrictions based on recent filings) and the District of Massachusetts, Judd v. United States, C.A. No. 06-10172-PBS, 2010 WL 1904869, *3 (D. Mass. 2010) (finding Judd to be an abusive litigant).  That said, while this is not Judd's first foray into the District of New Hampshire, his litigation practice has not, to date, been abusive or vexatious in this district, and there is no reason for the Court to enjoin or restrict his filings at this time.[2]  This is not to say, however, that the Court will be hesitant to do so should Judd's litigation behavior in this District become vexatious or abusive.

---

[2]In addition to the instant case, Judd has filed four civil actions in this Court since 2000: Judd v. United States, Civ. No. 00-cv-95-SM; Judd v. United States, Civ. No. 01-cv-341-JD; Judd v. United States, Civ. No. 05-cv-173-JD; and Judd v. United States, Civ. No. 10-cv-86-PB.

Discussion

As to the instant case, Judd challenges his possible future custody pursuant to a possible future prosecution for a crime that he anticipates committing but has not yet committed. Article III of the United States Constitution allows federal courts to act only in the presence of "cases" and "controversies."  U.S. Const. art. III, § 2.

> This irreducible constitutional minimum of standing requires: (1) that the plaintiff have suffered an injury in fact – an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of – the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Bennett v. Spear, 520 U.S. 154, 167 (1997) (internal quotations and citation omitted); see Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council, 589 F.3d 458, 467 (1st Cir. 2009).

Nothing in Judd's assertions indicate that he has suffered any "injury in fact" that is more than hypothetical, or that Judd's release from his current confinement, initiation of a criminal investigation or prosecution upon such a release, or incarceration pursuant to events that will not occur until release, are either non-speculative or imminent.  Accordingly, Judd cannot show that the matter presented in his instant

petition is ripe for review, and that he therefore possesses standing to prosecute this claim.

Further, a court acting pursuant to 28 U.S.C. § 2241(a) may grant habeas relief only "within their respective jurisdictions," must have jurisdiction over the petitioner's custodian, and traditionally, issue "only in the district of confinement."  This Court does not have jurisdiction over Judd's custodian and is not the district of Judd's confinement. Accordingly, I find that the issuance of a writ of habeas corpus under § 2241(a) would be inappropriate in this matter, even if the case were meritorious.  I decline to transfer this matter to a court that might have appropriate jurisdiction, as I find that it would not be in the interest of justice to do so.  See 28 U.S.C. § 1631 (authorizing district court to transfer case to another court where transfer is, among other things, "in the interest of justice").

## Conclusion

For the foregoing reasons, I recommend that Judd's petition (doc. no. 1) be dismissed without prejudice to refiling in a court with jurisdiction over the matter should Judd acquire standing at some point in the future.  I further recommend denial of Judd's pending motions (doc nos. 5, 7 & 9) as moot. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  See Fed.

7

R. Civ. P. 72(b)(2).  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d
554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524
F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCaffrey
United States Magistrate Judge

Date:  December 9, 2010

cc:  Keith Russell Judd, pro se


LBM:jba

8